**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | **CRIMINAL CASE NO. <u>CF0632-23</u>** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE STATEMENT OF OBJECTION** |
| PETER RAY CRUZ, DOB: 11/12/1991 | |
| Defendant. | |

The Court reviews the Objection filed by the People of Guam, represented by the Office of the Attorney General of Guam (OAG), to the assignment of this case to the Honorable Alberto E. Tolentino. The Court finds that the OAG has waived its Objection and failed to file the Objection at the earliest practicable opportunity. Therefore, the Court OVERRULES the Objection and returns this case to Judge Tolentino.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

1. This matter initiated with a Magistrate's Complaint against Defendant on October 5, 2023.

2. Judge Tolentino was assigned to this case on October 12, 2023.

3. *Nine months later*, on July 19, 2024, the OAG lodged a Statement of Objection and a Motion to Disqualify Judge Tolentino. The Statement alleges:

    a.  As a Magistrate Judge and a Judge,[1] Judge Tolentino disqualified himself

---

[1] Judge Tolentino was a Magistrate Judge from 2009 to 2017 and a Superior Court Judge since September 2021. Answer ¶ 4 (July 29, 2024).

ORIGINAL

from cases involving Attorney General Moylan while Attorney General Moylan was an attorney in private practice.[2]

    b. Judge Tolentino has been deemed disqualified in other cases involving the OAG. *Id.*; *People v. Aguon,* CM0145-21 (Dec. and Order (April 5, 2024)).

    c. *San Agustin v. Super. Ct.,* 2024 Guam 2, issued on July 28, 2024, required the Superior Court of Guam Clerk of Court to refrain from assigning cases to Judge Tolentino once he has been disqualified.

4. Judge Tolentino answered the objection, denied there were grounds to disqualify him, and asserted that the Objection was untimely. He also stated that in December 2022, he reached an agreement with Attorney General Moylan that his recusal was no longer required.

5. This court reviewed the Objection and Answer and permitted further briefing, particularly on the issue of timeliness.

6. The OAG filed a Response to Judge Tolentino's Answer, asserting that Judge Tolentino is disqualified "per se" and that its Objection was timely.

## II.   <u>LAW AND DISCUSSION</u>

This Court first addresses whether the OAG has filed a timely objection. A party's objection "shall be presented at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the . . . Judge's disqualification, and in any event before the commencement of the hearing of any issue of fact in the action or proceeding before such Justice or Judge." 7 GCA § 6107.

---

[2] This fact is discussed in a June 4, 2024 Decision and Order rendered in *People v. Taitingfong,* CV0024-24, which is attached to the OAG's Statement of Objection.

ORIGINAL

The OAG did not satisfy section 6107 when it waited nine months to lodge its objection to Judge Tolentino. Despite the OAG being aware of the existence of the conflict since at least January 2023, it did not object to Judge Tolentino when he was assigned to this case on October 12, 2023. It did not object shortly after Judge Tolentino issued a Criminal Trial Scheduling Order on December 22, 2023, which set the trial for July 24, 2024. It did not object at the July 2, 2024 Pretrial Conference.

Instead, the OAG waited nine months after Judge Tolentino's assignment to this case to lodge its Statement of Objection. Because of this delay, the OAG has failed to show that it object[ed] "at the earliest practicable opportunity after his or her appearance and discovery of the facts constituting the ground of the . . . Judge's disqualification." 7 GCA § 6107. The Court finds that the failure to object sooner amounts to an untimely objection.[3]

The OAG claims that its Objection is timely under *Van Dox v. Super. Ct. (Alcorn)*, 2008 Guam 7. In that case, the objecting party waited four months after the judge's assignment to file an objection, and the judge had not rendered any rulings during that period. *Id.* ¶ 47. The court directed that section 6107's time limitation should be construed liberally. It further determined that "a statement of objection is normally timely if it is submitted prior to any hearing before the challenged judge in the matter." *Id.* ¶¶ 46-47. The court noted the principle that a party should not be allowed to gamble on a favorable decision. *Id.* ¶ 46.

The OAG, however, fails to address further subsequent opinions by the Guam Supreme Court on the issue of timeliness. Following *Van Dox*, the Guam Supreme Court adopted the "silence-as-waiver" rule. *See San Union v. Arnold*, 2017 Guam 10 ¶ 27. This rule holds that

---

[3] The People claim that *San Agustin v. Super. Ct.*, 2024 Guam 2 furnished "additional" grounds to support its Objection. However, section 6107 does not indicate that the timeframe to object restarts when new grounds are discovered.

when a party with knowledge of a judge's conflict fails to object to the's judge continued hearing of the party's case, such silence amounts to a waiver of any potential disqualification.

In *People v. Wia*, 2020 Guam 17, and *Moylan v. Super. Ct.*, WRP23-001, the Guam Supreme Court extended the silence-as-waiver rule to render an objection as waived when based on information previously known to the parties through separate litigation. For example, in *Wia*, the defendant's counsel, Public Defender Service Corporation (PDSC), had raised the issue of the judge's disqualification in other cases in which PDSC represented other clients. 2020 Guam 17 ¶ 27. However, as to the defendant in *Wia*, PDSC failed to object until the appeal of the defendant's conviction. The Guam Supreme Court determined that the defendant was aware of the conflict through his counsel's involvement in those other cases, and the silence-as-waiver rule rendered his objection waived and untimely.

*Moylan* reaches a similar outcome. In that case, Richard Moylan (Attorney General Moylan's father) initiated a civil property dispute involving a lot in which his mother held an interest; meanwhile, he was also an interested party in his mother's guardianship case. Richard Moylan knew for over a year that the same trial judge presided over the civil case and the guardianship case. After he received an adverse decision in the civil case, he challenged the judge's competency, claiming that the trial judge had a fiduciary relationship to his mother, and therefore could not be impartial when it came to the civil matter. Because Richard Moylan took no action for a full year relative to a potential conflict, the Guam Supreme Court deemed the challenge to the judge's competency to serve as having been waived and untimely under the silence-as-waiver rule. WRP23-001 (Order Denying Writ of Prohibition (June 12, 2023)).

The silence-as-waiver rule again applies here. Judge Tolentino was already on the bench and handling a criminal case docket at the time Attorney General Moylan took office in January

2023. The OAG fails to challenge Judge Tolentino's statement that he and Attorney General Moylan reached an understanding in December 2022 that Judge Tolentino's recusal over cases involving the OAG was unnecessary; in other words, it appears that Attorney General Moylan waived such a conflict on behalf of the OAG and the People of Guam at the start of his term. The OAG also fails to show that they objected to Judge Tolentino presiding over any case for over a year after Attorney General Moylan took office.

In fact, the earliest known record of an objection to Judge Tolentino based on his relationship to Attorney General Moylan is discussed in the Decision and Order in *Aguon*, CM0145-21. In that case, the court discussed an argument advanced by a defendant—not by the OAG—that the relationship between Attorney General Moylan and Judge Tolentino provided an appearance of improper conduct. The court noted that the OAG took no position on this argument. *Id.* at 5. In other words, more than a year after Attorney General Moylan took office, the OAG saw no reason to object to Judge Tolentino, even as other parties did.

Also, in *Taitingfong*, CF0024-24, it was a defendant[4]—and not the OAG—who raised a potential conflict. When given an opportunity in May 2024 to weigh in on the conflict, the OAG took a passive role. *Id.* (Dec. and Order at 4 (June 4, 2024)).

*Aguon* and *Taitingfong* are just two cases demonstrating the OAG's knowledge and deliberate choice to waive an objection to Judge Tolentino. These two cases are joined by the hundreds of criminal cases assigned to Judge Tolentino since Attorney General Moylan took office in which the OAG took no action despite being aware of the conflict. Even under the most

---

[4] Judge Tolentino's Answer in *Taitingfong* did not question the timeliness or waiver of the defendant's objection. The defendant there was represented by private counsel.

ORIGINAL

liberal construction of section 6107, this Court cannot reach any conclusion but that the OAG's longstanding silence has amounted to a waiver of its objection.

Finally, *Wia* instructs that whether a conflict is egregious enough to preclude the application of the silence-as-waiver rule must be determined on a case-by-case basis. To determine the level of a conflict's egregiousness, the court focused on how much notice the objecting party had of the conflict. 2020 Guam 17 ¶ 30. Just as the court in *Wia* determined that failure to object for over a year decreased the level of egregiousness of the conflict, the OAG here has also waited for over a year to assert any objection based on Judge Tolentino's conflict in the hundreds of cases that came before this one. For that reason, the silence-as-waiver rule, as applied to the OAG's objections, overcomes Judge Tolentino's conflict.

## III.     CONCLUSION

The Court determines that the OAG filed an untimely objection and has also waived the conflict between Judge Tolentino and Attorney General Moylan. The Court OVERRULES the Objection and returns this case to Judge Tolentino.

**SO ORDERED** this 29 August 2024.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

ORIGINAL

liberal construction of section 6107, this Court cannot reach any conclusion but that the OAG's longstanding silence has amounted to a waiver of its objection.

Finally, *Wia* instructs that whether a conflict is egregious enough to preclude the application of the silence-as-waiver rule must be determined on a case-by-case basis. To determine the level of a conflict's egregiousness, the court focused on how much notice the objecting party had of the conflict. 2020 Guam 17 ¶ 30. Just as the court in *Wia* determined that failure to object for over a year decreased the level of egregiousness of the conflict, the OAG here has also waited for over a year to assert any objection based on Judge Tolentino's conflict in the hundreds of cases that came before this one. For that reason, the silence-as-waiver rule, as applied to the OAG's objections, overcomes Judge Tolentino's conflict.

## III.      CONCLUSION

The Court determines that the OAG filed an untimely objection and has also waived the conflict between Judge Tolentino and Attorney General Moylan. The Court OVERRULES the Objection and returns this case to Judge Tolentino.

**SO ORDERED** this 29 August 2024.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_AG, APD_

8/29/24   4:40pm
Date     Time
_____
Deputy Clerk, Superior Court of Guam

ORIGINAL